## STATE EX REL. VOLUNTEER MINING COMPANY *v.* McHATTON, JUDGE.

[Submitted December 18, 1894.   Decided December 20, 1894.]

EMINENT DOMAIN—*Just compensation for occupation of land by railroad.*—Section 14 of article 3 of the state constitution provides that "private property shall not be taken or damaged for public use without just compensation having been first made to, or paid into court for, the owner." Where, under this constitutional provision, a railroad company pays a sum into court, on the award of damages made by commissioners as compensation for right of way for railroad purposes, this is to be regarded as a "just compensation," although the owner has appealed from the award; and the granting of an order by the court allowing the railroad company possession and use of such right of way pending said appeal is within the jurisdiction of the court, and is justified.

CERTIORARI to review an order made by McHATTON, J., second judicial district, in a proceeding had for the condemnation of land for railroad right of way.   Order affirmed.

*F. T. McBride,* and *J. B. Clayberg,* for Relator.

*W. W. Dixon,* and *M. Kirkpatrick,* for Respondent.

PER CURIAM.—Condemnation proceedings were instituted by the Butte, Anaconda, and Pacific Railway Company, in the district court of Silver Bow county, pursuant to the provisions of title XV of the Code of Civil Procedure, to acquire title by condemnation to right of way for its railroad upon and across a certain mining claim known as the Volunteer Lode claim, situate in said county, owned and in possession of relator, and therein the court duly appointed three commissioners, qualified as provided by statute, to ascertain and determine the amount of damage sustained by reason of such right of way. (Code Civ. Proc., § 607.)   Thereupon the commissioners appointed performed their duties in that behalf, and awarded to relator the sum of six thousand four hundred dollars as damages for

such right of way; whereupon said railroad company deposited in court said sum, and applied to the court for an order allowing it to go into possession and use of said right of way, pending any further proceedings which might be involved in said condemnation case. About the same time relator, by the notice in such cases provided, appealed from said award (Code Civ. Proc., § 608), and resisted the granting of an order allowing the railway company possession and use of said right of way pending the final determination of the proceeding. The court, however, upon hearing and consideration of the law and facts, granted the order allowing the railway company temporary possession pending the final determination of said proceeding. There being no appeal from said order, relator, by writ of *certiorari*, brought up to this court said proceeding, and especially the order granting said railway company temporary possession, for review.

Relator insists that the district court exceeded its jurisdiction in allowing said railway company possession of the ground proposed to be taken and appropriated for such right of way previous to the final determination, and deposit of the amount awarded as damages, because section 14 of article III of the constitution of this state provides that "private property shall not be taken or damaged for public use without just compensation having been first made to, or paid into court for, the owner." This is the pivotal point of contention. The view insisted on by relator is, that no just compensation has been ascertained and deposited in this case, because its appeal has, in effect, abrogated and set aside the commissioner's award, and leaves the payment of said six thousand four hundred dollars into court as a fact without vital force, and it is not a compliance with the exaction of the constitution in such a case.

Upon mature consideration of this question, and the authorities relating thereto, we are unable to concur in relator's view. The compensation has been fixed by the tribunal instituted by law for that purpose as the just compensation for the damage proposed. The authorities hold that award to be a substantial fact which fixes the just compensation to which relator is entitled, until revised on appeal. (Lewis on Eminent Domain, § 581, and authorities cited in respondent's brief.) This is

reasonable. The compensation has been determined by the tribunal thereunto authorized, and although there be a right of appeal to resubmit the question of damage, that appeal may never be prosecuted to effect, in which event the original award would remain as the just compensation ascertained and deposited in such case; but the most that can be done on appeal in favor of the party whose property is to be taken for public use is to add some thing to the award already made, but until that is formally done it cannot be reasonably held that no award has been made. The first award and deposit may exceed what the jury or court may award on determination of the appeal. In that event the deposit would not only equal the amount first awarded, but would more than answer for the just compensation finally determined. It should also be borne in mind in this consideration that the order for possession on review here is not final. It is temporary, and the whole subject matter, together with the thing sought to be condemned, is within the jurisdiction of the court, and therefore the *taking* of the property, or the ultimate divestiture of the owner thereof, has not been consummated, but only temporary possession given. In treating a similar case (*Central Branch etc. Ry. Co.* v. *Atchison etc. Ry. Co.*, 28 Kan. 453), Mr. Justice Brewer, delivering the opinion of the court, said: "The occupation of the land by the railroad pending the appeal is provisional merely; its entry is not a permanent appropriation of the right of way, and it acquires by such entry no vested rights." Surely an award, considered in the judgment of the commissioners to be just compensation in lieu of complete deprivation or of continued use of property condemned, must be sufficient deposit to answer for the temporary possession granted by the court on deposit of the first award. If the award should be increased through the trial on appeal, there willbe nofinal judgment confirming to the railway company the right of way proposed to be condemned, until deposit or payment of the additional amount, and, in default of such additional payment, the court having jurisdiction of the subject matter and the parties would oust the party seeking to condemn the property from the temporary possession which the court had given, and mete out to the owner adequate damage for temporary use and injury, apply-

ing the deposited sum thereto. In our opinion these conditions fulfill the exactions of the constitution. Moreover, the statute provides that, where temporary possession is sought before final determination of the proceeding, the court, before granting such temporary possession, shall exact a bond, conditioned for payment of all further compensation and damages which may be awarded to the owner of the premises. This would afford the owner another remedy which he might elect to pursue if desirable. The statute of our state on the subject of eminent domain, enacted prior to the constitution, as well as an amendment thereto adopted since, authorizes the court to let the party seeking condemnation into temporary possession and use, on certain conditions falling short of the payment or deposit in court required by the clause of the constitution above cited. These statutes, however, provide the procedure in such cases; but, in so far as they provide for giving possession without fulfilling the exactions of the constitution, we hold them insufficient. The constitutional provisions must be complied with before the court is authorized to let the party seeking condemnation into possession. The trial court required this before granting the order for temporary possession in the case at bar; and, having required the deposit provided for by the constitution, the court granted the order for temporary possession, proceeding therein as provided by statute.

We find no ground for reversal or modification of the order of the trial court, complained of, and therefore affirm the same.

*Affirmed.*

All concur.